33640. MOORE v. GEORGIA PUBLIC SERVICE COMMISSION et al.

NICHOLS, Chief Justice.

This is an action brought by the Consumers' Utility Counsel of Georgia challenging on the ground of retroactivity a rate increase allowed to Savannah Electric & Power Company (SEPCO).

On May 8, 1975, SEPCO filed for a rate increase to be effective on June 8, 1975. The Commission suspended the increase pursuant to Code Ann. § 93-307.1 and ordered hearings. After public hearings, the Commission informed SEPCO by letter dated August 28, 1975, that it would allow a lower rate increase to be effective September 1, 1975. SEPCO filed a request for reconsideration on September 2, 1975, and on September 16, 1975, the Commission voted to hear oral argument. After hearing oral argument, the Commission adhered to its previous decision and entered its formal order on October 14, 1975, dated August 25, 1975.

1. SEPCO began billing at the new rate on September 2, 1975, and this resulted in some customers' being charged the new rate for power used as far back as July 28, 1975. The appellant contends that this increase is illegally retroactive.

Appellant first contends that the rate increase violates the general law of contracts. The fallacy of this argument is that all the contractual rights of the parties are controlled by law. In *Union Dry Goods Co. v. Ga. Public Service Corp.,* 142 Ga. 841 (2) (83 SE 946) (1914), this court held: "If a patron of a public-service corporation,

furnishing electrical power and light, sees fit to make a contract covering a definite period of time, where no rates have been prescribed by the railroad commission, he will be taken to have done so subject to subsequent schedules of rates lawfully prescribed by the commission.

"(a) Constitutional restraints upon the impairment of the obligation of contracts do not prevent the State from exercising such powers as are necessary in the exercise of its sovereign right to protect the lives, health, morals, comfort, and general welfare of the public, though contracts previously entered into between individuals may thereby be affected."

There is no merit in appellant's contractual argument.

2. Appellant asserts that the Commission's order discriminates among its customers because the rate increase was permitted to be effected on different dates for different customers, thus violating the equal protection guarantees of the State and Federal Constitutions.

To apply a new rate at a particular point in time would require the utility to read all its meters at that particular point of time. It would be unreasonable, if not impossible, to read all its meters at once. Even if done over a short period of time, it would result in some customers' being billed for power used at a lesser rate than others.

"The courts should not interfere with a valid order of the Public Service Commission unless it be clearly shown that the order is unreasonable, arbitrary or confiscatory. The courts have no power to substitute their judgment for that of the commission." *Ga. Public Service Comm. v. Ga. Power Co.,* 182 Ga. 706, 715 (186 SE 839) (1936). The contention here was raised before the Commission which made a determination that to allow the rate increase as of a billing date was not unjustly discriminatory.

There is no merit in this contention.

3. Appellant next contends the order of the Commission was contrary to the rules and regulations of the Commission. The rule in effect at the time provided: "When any action of the Commission is to be promulgated or published, the same shall be recited as 'By the Commission' and shall be authenticated by the official signature of the Chairman and the Secretary . . . unless

recited on its face that the Commission has so ordered or decided."

The letter authorizing the increase states: " . . . in Executive Session, the Commission voted to approve an increase in annual revenues of . . ." This complies with the rule. In addition, there is nothing in the rule requiring compliance with the rule before a rate increase can be effected. There is no merit in this contention.

4. Appellant's remaining argument is that the Commission did not have statutory authority to grant a retroactive rate increase. The trial court found that "The Georgia statute under which the August 25, 1975, rate authorization was made by the Commission was the original 1972 Act specifying the procedure for utility rate changes. In 1976 the General Assembly amended the 1972 Act to become effective. July 1, 1976, to provide additionally as follows, 'Any action taken by the Commission under the provisions of this section shall be reduced to writing by the Commission and signed by the Chairman and Secretary thereof. All such actions and orders shall be effective from the date such actions are reduced to writing and are signed as herein provided. No such action or order of the Commission may be given retroactive effect. A full and complete record shall be kept of the votes taken in connection with any such action, said record to be spread upon the official minutes of the Commission.'

"This seems to be a recognition by the legislature that the former act did not prohibit the effectuating of rates according to the date of billing, which would therefore cover some electricity used prior to the date of the effectuating order. In construing statutes, subsequent acts of the legislature on the same subject may be considered. See *Barron v. Terrell,* 124 Ga. 1077, and *Wingfield v. Kutres,* 136 Ga. 345, 349."

We agree with the trial court that neither the statute nor the Commission's action nor the company's action under the order is unconstitutional or illegal.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

ARGUED JUNE 12, 1978 — DECIDED SEPTEMBER 6, 1978 —

REHEARING DENIED SEPTEMBER 26, 1978.

*Sidney L. Moore, Jr., Julianne Goecke,* for appellant.
*George W. Williams, Leamon R. Holliday, III, Arthur K. Bolton, Attorney General, Melvin M. Goldstein, Assistant Attorney General, Malcolm MacLean, Tench C. Coxe, June Ann Kirkland,* for appellees.

HILL, Justice, dissenting.

In the case of *Ga. Public Service Commission v. Atlanta Gas Light Co.*, 205 Ga. 863 (55 SE2d 618) (1949), it was held that although the Public Service Commission can order lower charges in the future, it lacks authority to require the utility to make refunds to customers of amounts already paid.

I would hold similarly that although the Commission can authorize higher charges in the future, it lacks authority to require customers to pay the increased rate for service already received. I would find an unconstitutional retroactive impairment of the obligation of contracts.

In the *Union Dry Goods* case, supra, relied upon by the majority, the utility sought payment from its customers at the higher rate promulgated by the Commission "for service rendered since its promulgation ..." 142 Ga. at 842. The utility there did not seek payment for service rendered prior to promulgation of the new rate. That case therefore is not applicable here whereas, in my view, the prohibition upon retroactive impairment of contracts is. I therefore dissent.